# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                          No. 03-4336

DONALD RAY CLARK,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Virginia, at Big Stone Gap.
James P. Jones, District Judge.
(CR-02-10097)

Submitted: March 10, 2004

Decided: April 1, 2004

Before NIEMEYER, KING, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Barry L. Proctor, Abingdon, Virginia, for Appellant. John L. Brownlee, United States Attorney, Rick A. Mountcastle, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Donald Ray Clark appeals his conviction and sentence for one count of possession of a firearm after being convicted of a felony, in violation of 18 U.S.C. §§ 922(g), 924(e) (2000), and one count of sale of a stolen firearm, in violation of 18 U.S.C. § 922(j) (2000).

Clark contends that the district court erred by denying his motion for acquittal because the evidence presented at trial was insufficient to prove that the gun traveled in interstate commerce and that the gun was stolen. This court reviews de novo a district court's decision to deny a motion for judgment of acquittal. *United States v. Gallimore*, 247 F.3d 134, 136 (4th Cir. 2001). Where, as here, the motion is based on an allegation of insufficient evidence, the verdict must be sustained if there is substantial evidence, taking the view most favorable to the government, to support it. *See Glasser v. United States*, 315 U.S. 60, 80 (1942); *United States v. Stewart*, 256 F.3d 231, 250 (4th Cir. 2001). "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). Construing the evidence in the light most favorable to the Government, we conclude that the evidence presented at trial was sufficient to establish that the firearm traveled in interstate commerce, violating § 924(c), and that Clark possessed a stolen firearm, violating § 922(j). *See Glasser*, 315 U.S. at 80.

Clark also contends that in sentencing him as an armed career criminal, the court erroneously included a 1981 conviction for burglary. However, this court has held that there is no temporal restriction on prior felonies for the purposes of the Armed Career Criminal Act. *United States v. Presley*, 52 F.3d 64, 69-70 (4th Cir. 1995). Accordingly, we conclude that the district court properly considered Clark's 1981 burglary conviction. *Id.*

For the foregoing reasons, we affirm Clark's conviction and sentence. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*